UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MELANIE A. OCHS,

        Petitioner,

  v.

WARDEN JO GENTRY, et al.,

        Respondents.

Case No. 2:16-cv-00982-JCM-CWH

**ORDER**

    Before the court are the amended petition for writ of habeas corpus (ECF No. 18), respondents' motion to dismiss (ECF No. 20), and petitioner's opposition (ECF No. 24). Petitioner's grounds are addressable in federal habeas corpus and are not procedurally defaulted. The court denies the motion.

    Respondents first argue that grounds 1, 3, 4, and 5.2[1] are not addressable in federal habeas corpus because they are state-law claims that petitioner has tried to convert into federal claims by mentioning provisions of the Constitution of the United States. The court agrees with petitioner that that was all she needed to do. Respondents' arguments should be presented as arguments on the merits of these grounds in their answer.

---

[1] Respondents re-numbered ground 5.2 as ground 5(b). To avoid future confusion, respondents should use petitioner's numbering of the grounds.

1

Respondents next argue that ground 3 is procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). Ground 3 is a claim that the prosecution's expert witnesses were allowed to opine on petitioner's guilt, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. On direct appeal, the Nevada Supreme Court held:

> Ochs also contends that the district court abused its discretion by allowing the State's experts to give their opinion on her guilt or innocence. Because Ochs failed to object below, we will not review her contention on appeal. See Flanagan v. State, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996).

Ex. 5, at 4 n.3 (ECF No. 21-5, at 5). In Flanagan, the Nevada Supreme Court stated, "Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial." 930 P.2d at 700. This is, with some changes in wording, the same as the plain-error standard of review that the Nevada Supreme Court described a few years later:

> Generally, the failure to clearly object on the record to a jury instruction precludes appellate review. However, "this court has the discretion to address an error if it was plain and affected the defendant's substantial rights." In conducting plain error review, we must examine whether there was "error," whether the error was "plain" or clear, and whether the error affected the defendant's substantial rights. Additionally, the burden is on the defendant to show actual prejudice or a miscarriage of justice.

Green v. State, 80 P.3d 93, 95 (2003). Therefore, a denial of a ground with a citation to Flanagan is not a blanket denial. It is a determination that petitioner did not meet the plain-error standard. This court may "consider a claim on federal habeas that has been reviewed by a state appellate court on the merits for plain error. Although applying a different standard of review than it would on direct appeal, a state appellate court reviewing for plain error reaches the merits of a petitioner's claim." Walker v. Endell, 850 F.2d 470, 474 (9th Cir. 1987). Ground 3 is not procedurally defaulted.

Respondents will need to answer the petition. Under Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, respondents need to file portions of the

transcripts that they consider relevant. The transcript of the jury trial is relevant to petitioner's claims. The transcript of any hearing in the post-conviction habeas corpus proceedings is relevant to petitioner's claims of ineffective assistance of counsel. Respondents will need to file at least those transcripts with their answer.

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 20) is **DENIED**.

IT FURTHER IS ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer. The answer will comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The answer also will include with the transcripts that the court described above. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: September 19, 2018.

_____
JAMES C. MAHAN
United States District Judge