# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MELANIE A. OCHS, | Case No. 2:16-cv-00982-JCM-DJA |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN JO GENTRY, et al., | |
| Respondents. | |

Before the court are respondents' motion for leave of court to file second motion to dismiss (ECF No. 38), petitioner's opposition (ECF No. 42), and respondents' reply (ECF No. 45). The court denies respondents' motion because the court informed respondents that it would entertain only one motion to dismiss. However, the court finds no indication in the scheduling order or otherwise that respondents have waived that defense. Respondents may raise a limitation defense in their answer.

**I.     Background**

In the original petition, petitioner alleged a span of time, between the end of her post-conviction proceedings in state court and the mailing of her federal petition, that alone exceeded the one-year period of limitation of 28 U.S.C. § 2244(d)(1). ECF No. 4, at 1.[1] Along with that

---

[1] Some time also passed between the finality of the judgment of conviction and the commencement of the post-conviction proceedings in state court.

1

petition, petitioner sent a motion to compel production of the prison's mail records, to show that she never received anything from post-conviction counsel informing her of the conclusion of her state post-conviction proceedings. The court denied that motion because the court was appointing counsel to represent petitioner, and counsel could file any necessary motions. ECF No. 7, at 1. The court also informed the parties that timeliness likely would be an issue. Id.

After petitioner filed her amended petition, the court directed respondents to file an answer or other response. The court told respondents to raise all available procedural defenses in one motion to dismiss. ECF No. 19, at 2. Respondents filed a motion to dismiss. ECF No. 20. Respondents did not raise a defense that the action was untimely, nor did they make any statements about the statute of limitations. The court rejected the arguments that respondents did make, denied the motion to dismiss, and directed respondents to file an answer. ECF No. 26. Nine months later, after several extensions of time, respondents filed not an answer but the motion for leave to file a second motion to dismiss.

Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts have some tension. Rule 5(b) states:

> The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

The Advisory Committee notes to the 2004 amendments state:

> The revised rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.

Rule 4, in turn, states in relevant part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." This court has developed a practice of instructing the respondents to file a motion to dismiss, prior to filing an answer, that raises procedural defenses such as non-exhaustion, procedural default, and untimeliness. The court benefits from that practice because it can dismiss grounds subject to those defenses without needing to review the merits. The court

also has developed a practice of instructing the respondents to raise all the potentially available procedural defenses in one motion to dismiss.

**II.     Discussion**

  **A.     Respondents may not file a second motion to dismiss**

"Unless a court has ordered otherwise, separate motions to dismiss may be filed asserting different affirmative defenses." Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005). The court did order respondents to raise all their procedural defenses in one motion. ECF No. 19, at 2. That order disposes of respondents' request. Respondents may not file a second motion to dismiss.

  **B.     The court's scheduling order did not cause a waiver of the limitation defense**

Petitioner argues that respondents have waived the defense of timeliness because the court's scheduling order instructed respondents that a motion to dismiss would be respondents' only opportunity to raise procedural defenses. In that order, the court stated:

> Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained.

ECF No. 19, at 2. It was the court's intent that respondents raise all available procedural defenses at one time. In prior cases, years could pass while counsel for respondents would raise one procedural defense after another in serial motions to dismiss. The court's order was meant to stop that practice. However, the court did not state in its order that a motion to dismiss is the only opportunity for respondents to raise all available procedural defenses. The court has since clarified this point in scheduling orders in later-filed cases. Nonetheless, in this case the lack of a limitation defense in a motion to dismiss is not a waiver of the defense if raised in the answer. Absent an order by the court to the contrary, circuit authority is clear that respondents do not waive a procedural defense unless they do not raise it in their answer. Randle v. Crawford, 604 F.3d 1047, 1052-53 (9th Cir. 2010); Morrison, 399 F.3d at 1046-47.

  **C.     Respondents have not otherwise waived the limitation defense**

Petitioner argues that respondents waived the timeliness issue because the court identified the issue in an earlier order, but respondents still did not raise it in the motion to dismiss. See

ECF No. 7. Petitioner relies upon <u>Wood v. Milyard</u>, 566 U.S. 463, 474 (2012). In <u>Wood</u>, the district court directed the respondents to file a response before the answer limited to addressing timeliness and exhaustion. <u>Id.</u> at 467. The respondents stated in that response that they would not challenge, but did not concede, the timeliness of the petition. <u>Id.</u> In the answer, the respondents said the same thing. <u>Id.</u> The district court dismissed some grounds as unexhausted and denied the petition on the merits. <u>Id.</u> On appeal the court of appeals <u>sua sponte</u> directed the parties to brief the issue of timeliness. <u>Id.</u> at 467-68. The court of appeals then held that the petition was time barred. <u>Id.</u> On certiorari review, the Supreme Court held that the respondents waived the limitation defense by their statements to the district court. <u>Id.</u> at 474. The Supreme Court then held that the court of appeals abused its discretion by <u>sua sponte</u> raising the limitation defense. <u>Id.</u>

The court finds <u>Wood</u> to be inapposite. Unlike the respondents in <u>Wood</u>, respondents in this action made no statements at all regarding the limitation defense. The court does not see anything else in the record indicating that respondents intentionally relinquished the limitation defense. See <u>Day v. McDonough</u>, 547 U.S. 198, 211 (2005).

**III. Conclusion**

Respondents may not raise the limitation defense in a second motion to dismiss, because the court directed only one motion to dismiss. However, respondents may still raise the limitation defense in their answer.

If either petitioner or respondents have scheduling conflicts, then they should request additional time in later-filed actions, to keep this action moving as expeditiously as possible.

IT THEREFORE IS ORDERED that respondents' motion for leave of court to file second motion to dismiss (ECF No. 38) is **DENIED**.

///
///
///
///
///

4

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: August 23, 2019.

_____
JAMES C. MAHAN
United States District Judge